```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Steven Martin,                  :
       Plaintiff,               :
                                :
     v.                         :      File No. 1:05-CV-318
                                :
WCAX News, Co., Burlington      :
Free Press, Burlington          :
Police Department,              :
       Defendants.              :
```

OPINION AND ORDER
(Paper 1)

Plaintiff Steven Martin, a Vermont inmate proceeding *pro se*, seeks to file a complaint claiming defamation and violations of his civil rights. Specifically, Martin alleges that depictions of him in the media denied him his right to a fair trial, and that the police failed to follow "proper procedure to determine guilt." Because he was allegedly denied his right to a fair trial, Martin "unwillingly" pleaded guilty to violating his probation, and is currently serving a state court sentence of 1-4 years.

Martin has filed an application to proceed *in forma pauperis* (Paper 1). His application does not include a copy of his prison trust account for the 6 months prior to the filing of his complaint as required by 28 U.S.C. § 1915(a)(2). In most cases, the Court would grant an incarcerated plaintiff leave to file an application that fully complies with § 1915. In this case, however, for the reasons set forth below, Martin

has failed to state a valid federal cause of action.  His application to proceed *in forma pauperis* is, therefore, DENIED, and his case is DISMISSED without prejudice.

### Factual Background

In his complaint, Martin claims that while driving in Burlington on April 5, 2003, his vehicle was "fired upon by unseen gun-men."  Martin subsequently asked his fiancée to take the car, which was "rittled with gun-shots," to the Burlington Police Department and present it as evidence of the shooting.  While his fiancée was at the police department, Martin allegedly saw images of himself on the WCAX news "being arraigned on charges 4 yrs ago.  The anchorperson stated that I was 'wanted and dangerous.'"  The news program also showed old footage of Martin in handcuffs and shackles, as well as images of a sawed-off shotgun and a .44 revolver that had previously been used as evidence against him.

On April 6, 2003, Martin was allegedly arrested at his home by Burlington police and charged with "violation of probation for engaging in violent and threatening behavior."  Martin claims that because of the images shown in the media, he was denied his right to a fair trial.  "The chances of a fair trial were so slim (due to the image of me portrayed by the media) that my public defender advised that I take a plea

deal." Martin "unwillingly accepted" the deal, and received a sentence of 1-4 years.

Martin also alleges that while he has been incarcerated, the shooting incident has been depicted in press articles and news segments as having involved "two groups of men." Martin insists that he was merely a victim in the shooting, and that "the press and local law enforcement have portrayed me as a ruthless gun-man, without going through proper procedure to determine guilt."

The proposed complaint is styled as an action pursuant to 42 U.S.C. § 1983. Martin's legal claims include defamation, slander, negligence, and violations of his "civil right [sic] abridged guaranteed liberty interest." The complaint also asks for court-appointed counsel. Martin makes no specific claim for either damages or injunctive relief.

## Discussion

I. Civil Rights Claim

In order to state a claim for relief under § 1983, a plaintiff must demonstrate that he was deprived of a constitutionally or federally protected right by a person acting under color of state law. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). This is because "the United States Constitution regulates on the Government, not

private parties." United States v. Int'l Bhd. Of Teamsters, et al., 941 F.2d 1292, 1295-96 (2d. Cir. 1991). Therefore, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct creates 'state action.'" Id.

In this case, Martin makes no allegation that either WCAX News or the Burlington Free Press are state actors. Nor does he allege that these defendants' actions are "'fairly attributable' to the state." See Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) (citation omitted). Martin has, therefore, failed to state a claim under § 1983 against either WCAX News or the Burlington Free Press. See, e.g., Skinner v. Dwyer, 1992 WL 265995, at *3 (N.D.N.Y. 1992) (holding that media was not liable under § 1983 for pre-trial publicity).

The Burlington Police Department is clearly a government actor that may be held liable under § 1983. Martin claims the police arrested him "without following the proper procedure to determine guilt." Specifically, Martin claims that the police never performed a "cordite test to prove if I did or didn't fire a gun." Martin also alleges that the police denied him his right to a fair trial, although the facts underlying this claim appear to pertain only to "the image of me portrayed by the media." Indeed, with respect to the fair trial issue, a

liberal reading of the complaint does not reveal how the conduct of the police contributed to the allegedly misleading depictions of Martin in the media.

If the Court accepts Martin's claim that faulty police procedures either denied him his right to a fair trial or led to a wrongful conviction, such a claim would undermine the validity of that conviction.  See Solomon v. Smith, 645 F.2d 1179, 1185-87 (habeas petition granted where improper police procedure undermined conviction).  Similarly, if the Court were to find that, as Martin alleges, the defendants' conduct forced him into an involuntary plea, this finding would again undermine the validity of his conviction.  See Rosado v. Civiletti, 621 F.2d 1179, 1191 (2nd Cir.), cert. denied, 449 U.S. 856 (1980) (voluntariness of plea revolves around "whether [the plea] constituted a deliberate, intelligent choice between available alternatives"); Pilotti v. Superintendent, Great Meadow Correctional Facility, 759 F. Supp. 1031, 1035-38 (involuntary plea warranted vacating conviction).

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that in order to recover damages[1] under §

---

[1]  As noted above, Martin does not expressly ask for damages in his complaint.  However, because he claims that his conviction was wrongful, the only conceivable injunctive relief would be to vacate the conviction and release him from prison.  This sort of relief is only available through

1983 for an

>   allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Here, Martin has not alleged that his conviction has been reversed, expunged, declared invalid or called into question by the issuance of a writ of habeas corpus.  Consequently, and because a finding in his favor in this case would "necessarily imply the invalidity of his conviction or sentence," Martin cannot bring his § 1983 claim against the Burlington Police Department at this time.  Heck, 512 U.S. at 487.


II.  State Law Claims

Martin's remaining claims are for defamation, slander and negligence.  Each of these is a state law cause of action. See, Siegert v. Gilley, 111 S. Ct. 1789, 1794 (1991) ("Defamation by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation."); Salim v. Proulx, 93 F.3d 86, 92 (2d Cir. 1996) (negligence is not a

---

appellate or collateral proceedings, and not through an action under § 1983.

basis for relief under § 1983).  With no valid federal claim pending, the Court declines to exercise supplemental jurisdiction over Martin's state law claims.  <u>See</u> 28 U.S.C. § 1367(c)(3).  Martin's remaining claims are, therefore, DISMISSED without prejudice.

<u>Conclusion</u>

For the reasons set forth above, Martin's application to proceed *in forma pauperis* is DENIED, his request for appointment of counsel is DENIED as moot, and this case is DISMISSED without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of December, 2005.

<u>/s/ J. Garvan Murtha    </u>
J. Garvan Murtha
United States District Judge